**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHANE WHITE,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:21-cv-3700** |
| | § | |
| **HOUSTON INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **OFFICER KEITH HARRIS,** | § | |
| **Officially and individually;** | § | |
| **OFFICER, JAMES TAYLOR** | § | |
| **Officially and individually;** | § | |
| **OFFICER,  ILIANNA** | § | |
| **FERNANDEZ-CARRUCINI** | § | |
| **Officially and individually;** | § | |
|     **Defendants.** | § | |

<u>**COMPLAINT**</u>

     **COMES NOW** the Plaintiff, Shane White, by and through his attorney of record David J. Batton, hereby submit the following Causes of Actions and or Claims for Relief against Defendants, ("Defendants") that have arisen out of a pattern of retaliatory discriminatory conduct and animus; Plaintiff hereby states and allege as follows:

**JURISDICTION AND VENUE**

1.  Jurisdiction is proper as the Plaintiff resides and or employed by Defendant Houston Independent School District (hereinafter "HISD") within the State of Texas and Harris County.

2.   Defendant HISD is a political subdivision organized under the laws of the State of Texas and is located in and doing business in Harris County at all times pertinent to the action and Plaintiff's contentions and claims for damages within the meaning of 42 U.S.C. §§ 1983, 1981 and 1988, Title VII of the Civil Rights Act 42 U.S.C. § 2000(e)

3.   Defendant, Officer Keith Harris (hereinafter "Harris"), is an employee of HISD as a lower ranking patrolman. At all pertinent times to Plaintiff's claims for damages the individual unlawful acts and or omissions by Defendant Harris occurred within Harris County, Texas.

4.   Defendant, Officer James Taylor (hereinafter "Taylor"), is an employee of HISD as a lower ranking patrolman. At all pertinent times to Plaintiff's claims for damages the individual unlawful acts and or omissions by Defendant Taylor occurred within Harris County, Texas.

5.   Defendant, Officer Ilianna Fernandez-Carrucini (hereinafter "Fernandez-Carrucini"), is an employee of HISD as a lower ranking patrolman. At all pertinent times to Plaintiff's claims for damages the individual unlawful acts and or omissions by Defendant Harris occurred within Harris County, Texas.

6.   Compensatory damages and injunctive relief are available under the U.S. Constitution and laws of the State of Texas, including but not limited to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* ("Title VII"), as well as 42 U.S.C. §§ 1983 and 1988.

7.   Costs and attorney's fees may be awarded to Plaintiff.

8.   This Court has jurisdiction over the parties and the subject matter of this action; and, this action properly lies in the Southern District of Texas, Houston Division because the claims herein arose in this judicial district and all Parties are located herein.

## PARTIES AND STATUTORY PREREQUISITES

9.     Defendant HISD was and is now a Political Subdivision of the State of Texas, Harris County. Plaintiff was employed by the HISD during the relevant periods.

10.     In conformance with any statutory prerequisites, Plaintiff submitted his intake questionnaire and pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a Right to Sue letter, which was issued on or about August 17, 2021. Plaintiff therefore timely filed this action within the statutory ninety (90) day time period.

11.     Defendant HISD is an employer within the meaning of Title VII, and is located within the jurisdiction of this Court having more than 500 employees.

12.     The individual Defendants although employed have acted beyond the scope of their authority and or assigned duties and have been taking actions against the Plaintiff beyond the scope of their duties as police officers and perpetuated their vendettas against Plaintiff at various times and manners within Harris County.


## FACTUAL ALLEGATIONS

13.     Plaintiff is a police sergeant with HISD and a racial minority (African male) with supervisory responsibilities over the individual Defendants.

14.     The individual Defendants are the racial minority members and subordinates of Plaintiff subject to his supervision.

15.     Even though Plaintiff was a police sergeant the individual Defendants treated Plaintiff with outward distain and ostracized him when he attempted to hold them accountable for violations of HISD policies and procedures. Including their inadequate work product and consistent inactivity and dilatory conduct. Plaintiff was well respected generally until he attempted to hold the individual Defendants accountable for their dilatory conduct and various violations of policy.

16.     Defendants Harris and Taylor after being held accountable and or reported for HISD policy infractions consulted and reached an agreement Defendant Fernandez-Carrucini to make up and falsely report that Plaintiff had violated the provisions of Title VII that she falsely claimed were offensive and unwarranted even though Plaintiff supposedly never made such comments. The individual Defendants reach this agreement to have Plaintiff removed form their shift so that they could cover for each other and not be held accountable for their goals to not produce an acceptable work activity along with a number of other activities. The individual Defendants treated Plaintiff in a hateful retaliatory manner and demeaned him at every opportunity and or function.

17.     No other female subordinates or co-workers ever complained about Plaintiff and other female employees supported Plaintiff.

18.     Plaintiff was well-qualified to perform hes assigned duties based upon his extensive work history and expertise and stellar work performance.

19.     HISD intentionally failed refused and neglected to properly investigate and or address the adverse claims by the individual Defendants. HISD allowed the fabrications to be treated as truthful and took immediate action to discipline, demote, and ostracize the Plaintiff without just and reasonable cause.

20.     HISD began to retaliate against the Plaintiff for attempting to defend against the false and fictitious claims and punish him for being involved in protected EEO activity for challenging the claims and false and misleading. HISD encourage and developed an adverse attitude which became far worse when attempted to seek clarifying and exonerating information in defense to the false claims. HISD took immediate action based upon various recommendations and or information provided by the individual Defendants presuming all information actually existed when such did not exist.

21.     The individual Defendants intentionally manipulated HISD to have {Plaintiff removed as a supervisor so that they would not be held accountable for their activities.

22.     Plaintiff was subsequently ridiculed, made fun of, ignored, and essentially treated as a leper class of persons unworthy of respect or association with HISD and intentionally demoted and removed as a supervisor and had his pay reduced and put in a less than full time position. Plaintiff had never been disciplined previously or had prior complaints about any type of misconduct. Plaintiff has lost his ability to seek other employment and or be promoted due to HISD retaliation.

23.     The individual Defendants embarked on a mutual scheme or plan to falsely cause HISD to discriminate against Plaintiff knowing that HISD would rely on their false and fictious claims of EEO violations so that HISD would reduce Plaintiff's position and rank and to degrade Plaintiff and ruin his otherwise good reputation.

24.     The individual Defendants did in furtherance of such scheme or plan had taken overt steps pursuant to such scheme or plan. Including but not limited to writing degrading and misleading memos and or emails, intentionally interfering with Plaintiff's interests in his good name and reputation.

25.     Plaintiff was not afforded reasonable notice, or complete information during investigation period and or a reasonable opportunity to review and or dispute the false allegations. HISD failed refused and or intentionally decided to properly evaluate the false claims. HISD simply assumed the statements of the individual Defendants were true and discounted and rejected each and every fact and circumstance against Plaintiff a male employee.

26.     The individual Defendants and HISD  embarked on a scheme to prevent Plaintiff from achieving any higher management rank or position motivated in part by Plaintiff's  status of a black male and must be punished as his status as a black male is predetermined to be  aggressive and would exploit his supervisory position due to his race and gender.

27.     Defendant HISD have intentionally created an atmosphere to systematically degrade, devalue, and eliminate Plaintiff from any association as a supervisor and such responsibilities previously held by Plaintiff based significantly upon or motivated in part

by his status as a black male who is presumed to act in a sexually aggressive manner.

Defendants have taken one or more overt acts in furtherance of such scheme. These

include but not limited to the following:

a. Sending out disparaging emails about Plaintiff and or allowing and supporting use of false and fictitious claims to allow and promote ridicule of the Plaintiff.

b. Degrading emails about Plaintiff's alleged conduct prior to any investigation.

c. Questioning the competence of Plaintiff and refusing to address the evidence presented and or provided by Plaintiff to refute the false allegations.

d. Isolating Plaintiff from the rest of the department and treating him in disparaging manner presuming him to be in violation of the fabricated conduct.

e. Allowing other the individual Defendant to continue to degrade and insinuate the incompetence and or misconduct of Plaintiff.

f.  Allowing false allegations of wrongdoing that was not substantially supported to be lodged against an employee who was acting in accordance with their constitutional and statutory rights, privileges, and immunities to associate with minority or white employees;

g. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities under color of law; to be free from racially/gender based motivated discipline or false accusations and being wrongfully terminated from his position and employment standing; and,

28.     Prior to being forced to file this action, HISD has intentionally refused to

provide relevant information to Plaintiff or his counsel as well as any federal EEOC

inquires made.  HISD has refused any discussions with Plaintiff or his legal counsel and

have continually refused to properly investigate and or corroborated any of the false

allegations being made by the individual Defendants. Plaintiff was ostracized and continues to be punished by HISD officials in a hostile environment based upon his election to challenge the false statements and mistreatment he has been receiving.

29.     Plaintiff on numerous occasions has attempted to obtain records or information from HISD and has been denied almost all reasonable access to public records to refute the false and fictious claims. Plaintiff is now being denied reasonable opportunities for advancement solely due to his being involved in protected EEO activity including being able to challenge the false claims and clear his good name and reputation.

30.     In all respects, Plaintiff possessed the necessary qualifications, training, service time, and experience to hold the rank of Sargeant or above within the HISD along with comparable benefits and respect.

31.     HISD has embarked on a plan or scheme to carry out this discriminatory conduct and have taken overt steps to carry this deception and harassment against Plaintiff and punishment motivated in part by an insidious discriminatory attitude against a black male presumed to have created a negative hostile and pervasive discriminatory work environment against women. .

32.     The constant actions and abuse by HISD have caused Plaintiff continued emotional distress as racism and discriminatory conduct by HISD is designed to prevent other employees to seek relief through the EEO process and has caused emotional distress.

## CLAIM FOR RELIEF
## HISD FAILURE TO TRAIN AND SUPERVISE

33.     Paragraphs 1 through 32 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

34.     This action is maintained against HISD for discriminatory  practices, customs and policies, failure to enforce policies, or creating an atmosphere or allowing its employees to believe that their actions are no subject to meaningful scrutiny or review or discipline all of which leads to the deprivation of Plaintiff's protected rights in EEO activity to defend against false allegations and claims. .

35.     At all material times, HISD failed to properly train and or supervise employees or other involved workers or to properly and readily and meaningfully provide proper inquires or investigations of referrals regarding EEO violations. HISD took incidents that were claimed to have happened more than six (6) months in the past and stale to be treated as if such were happening on a daily basis.

36.     At all material times, HISD failed to properly train and or supervise its' employees to properly and honestly conduct inquires and or investigations of referrals of purported improper or illegal activities. To properly document such allegations and avoid simply relying on a the individual Defendants false claims and believe such is substantiated by intentionally discounting conflicting evidence that does not support such allegation presented by Plaintiff. HISD has retaliated against Plaintiff and refused him any promotions or fulltime positions solely due to his participation in EEO activity and name-clearing endeavors.

37.     At all material times, HISD failed to properly train and or supervise others to appropriately and proportionately respond to purported claims of mismanagement, racially and or sexual and or gender-based discrimination and or abusive treatment and or creation of a hostile work environment and or allowing or not prohibiting retaliation against such employees identifying such activities and or whistleblowing of improper or illegal activities of employees.

38.     HISD developed and maintained policies and customs using deliberate indifference to the statutory and constitutional rights of persons employed by HISD which caused the violation Plaintiffs rights. Acting under color of law, pursuant to official policy or custom, or lack of such policy or custom, HISD, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs' rights, failed to instruct, supervise, control, and discipline on a continuing basis its employees, including the individual Defendants and their duties to refrain from:

      a.   unlawfully and maliciously harassing an employee who was acting in accordance with their constitutional and statutory rights, privileges, and immunity;

      b.   unlawfully and maliciously creating accusations of wrongdoing, discipline, retaliating against an employee or prohibiting free association of the employee that did not otherwise exist or is not substantially supported against an employee who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

      c.   unlawfully and maliciously creating false or unsupported accusations of threating witnesses or potential witnesses, or creating an oppressive secret system of not disclosing information;

      d. otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities; and,

e. allowing and encouraging individual members of HISD to believe and act as if such individuals are not subject to the same laws and are immune from discipline or their actions are always justified regardless of the lack of reasonableness; and or such actions will be protected by HISD motivated in part due a discriminatory animus against Plaintiff due to  his race (black) and gender (male) and or due to his involvement in protected EEO activity as a complaining witness or victim of abuse.

g. failure to provide meaningful supervision regarding the actions of HISD employees and or failure to report or take meaningful disciplinary actions against an offending HISD employee for making false reports; and,

h. failure to restrict or supervise investigative activities and properly train or supervise such investigative activities and acceptable conduct towards Plaintiff or to provide for the safety and protection of employees who are not subject to any reasonable opportunity to defend against such unfounded or unsupportable accusations regarding a hostile work environment that could not exist.

i.   intentionally creating an atmosphere that instills a mental attitude that black male supervisor employees are not provided any protection or equal benefits from those female employees make wild and baseless allegations that cannot be substantiated or could be law exist.

39.     HISD had knowledge or, had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspiring to be done as heretofore alleged, were about to be committed and were preventable.

40.     It was the policy and/or custom of HISD to inadequately supervise and train its supervisors or individual thereby failing to adequately discourage further constitutional violations on the part of their employees. HISD did not provide appropriate in-service training or retraining of supervisory employees or individual members who were known to engage in misconduct or gross neglect or falsely claim offensive comments that could not permeate the work environment.

41.     HISD directly or indirectly, under color of law, approved and or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the individual Defendants heretofore described either directly or by omission.

42.     At all material times, HISD failed to properly train or supervise its staff and others to recognize and react to situations that might require de-escalation or disengagement rather than allow the use of oppressive conduct or fabrications or use misleading information to justify discriminatory actions against Plaintiff and his status of being allowed to defend against the false and misleading claims made by the individual Defendants.

43.     At all material times, HISD failed to properly train or supervise its human relations representative and others to properly identify when circumstances require HISD to properly investigate and evaluate various instances before concluding wronging existed.

44.     At all material times, HISD failed to properly train its staff and employees and others not to threaten or intimate employees and threaten them with loss of benefits for being involved in protected EEO activity to challenge false and fictitious accusations of violations of discrimination or hostile work environment.

45.     The failure of HISD to train its members constitutes a deliberate indifference to the rights of Plaintiff and other employees.

46.     As a result of the failure to properly train its agents by HISD Plaintiff has and will suffered immediate and irrevocable harm including but not limited to emotional upheaval and depression, for which all Defendants are liable for all pecuniary losses,

including, but not limited to, legal and costs expenses incurred; all future legal and cost

or loss of income expenses; any and all reasonable attorney's fees and compensatory

money damages in an amount exceeding $10,000 for mental pain and suffering,

inconvenience, loss of enjoyment of life, and mental and/or emotional distress,

humiliation and embarrassment, and loss of economic opportunities.

## CLAIM FOR RELIEF
### HISD VIOLATIONS UNDER TITLE VII
### 42 U.S.C. §§ 2000e et seq
### (RACE / GENDER DISCRIMINATION IN VIOLATION OF TITLE VII)

47.    Plaintiff hereby incorporates the preceding paragraphs 1 through 46 as

though fully set forth herein and further states as follows.

48.    By and through, but not limited to, the events described above, Plaintiff's

terms and conditions of employment were adversely affected, and a hostile work

environment was created, due to the on-going racial/gender-based discrimination directed

towards him.

49.    In particular, but not limited to, hostile work environment discrimination

due to Plaintiff's race/gender- based and his participation in challenging the false claims

made by the individual Defendants who have surreptitiously developed a scheme to ruin

the credibility of Plaintiff and prevent him from supervising them or hold them

accountable for being dilatory.

50.    By and through, but not limited to, the actions described above, HISD has

 violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§

 2000e.

51.     As a direct and proximate result of said actions by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses

52.     Plaintiff has been injured by this racial/gender discrimination and is entitled to compensatory damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

53.     Defendants' actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of damages.

54.     At all times material hereto HISD was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). On information and belief, at all times material hereto HISD was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto HISD was a person engaged in an industry affecting commerce who had 500 or more employees for each working day in each of twenty or more calendar weeks during the years of Plaintiffs' employment or the preceding calendar year.

**CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST INDIVIDUAL DEFENDANTS**

55.     For the Sixth Claim of Plaintiff's Complaint, Plaintiff adopts and re-alleges all paragraphs 1 through 54 as if pled herein and further states and alleges:

56.     Defendants individual conduct of constantly harassing Plaintiff and threatening Plaintiff and retaliating against Plaintiff was so extreme and outrageous as to

go beyond all bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

57.     Defendants individually intentionally or recklessly caused severe emotional distress to Plaintiff beyond that which a reasonable person could be expected to endure by their actions including discriminating false and fictitious rumors or statements to others and making accusations and retaliating against Plaintiff.

58.     As the direct and proximate result of Defendant individual actions, Plaintiff has suffered damages and is entitled to recover actual damages in excess of $75,000.00

59.     Defendant's individual unlawful actions were intentional, willful, malicious, and taken in reckless disregard for Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages against Defendants individually.

### FAILURE TO TRAIN OR SUPERVISE
### (42 USC §§ 1983 and 1988)
### DEFENDANTS FOR VIOLATIONS OF FIRST AND FOURTEENTH AMENDMENTS BY A POLICY AND OR CUSTOM AND OR LACK OF POLICY

60.     Paragraphs 1 through 59 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

61.     This action is maintained against Defendants (individually or collectively) for their practices, customs and policies, failure to enforce policies, or creating an atmosphere or allowing its employees to believe that their actions are no subject to meaningful scrutiny or review or discipline all of which leads to the deprivation of Plaintiff's rights within the meaning of 42 U.S.C. § 1983.

62.     At all material times, HISD failed to properly train and or supervise its staff and or individual Defendants or other involved HISD workers or investigators or to properly and readily and meaningfully provide proper inquires or investigations of referrals regarding gender-based discrimination.

63.     At all material times, HISD failed to properly train and or supervise its employees to properly and honestly conduct inquires and or investigations of referrals of purported improper or illegal activities. To properly document such allegations and avoid simply relying on a false claim and believe such is substantiated by intentionally discounting conflicting evidence that does not support such allegation.

64.     At all material times, HISD failed to properly train and or supervise its employees and others to appropriately and proportionately respond to purported claims of mismanagement, gender and or racial and or sexual based discrimination and or abusive treatment and or creation of a hostile work environment and or allowing or not prohibiting retaliation against such employees identifying such activities and or whistleblowing of improper or illegal activities of employees or elected officials.

65.     HISD developed and maintained policies and customs using deliberate indifference to the statutory and constitutional rights of persons employed by HISD which caused the violation Plaintiff's rights. Acting under color of law, pursuant to official policy or custom, or lack of such policy or custom, HISD knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline on a continuing basis its employees, including Koranda,  and their duties to refrain from:

a.  unlawfully and maliciously harassing an employee who was acting in accordance with her constitutional and statutory rights, privileges, and immunity;

b. unlawfully and maliciously creating accusations of wrongdoing, discipline, retaliating against an employee or prohibiting free association of the employee that did not otherwise exist or is not substantially supported against an employee who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

c. unlawfully and maliciously creating false or unsupported accusations of threating witnesses or potential witnesses, or creating an oppressive secret system of not disclosing information;

d. conspiring through individual members of Defendants and or with individual members of the District Attorney's office to violate the rights, privileges and immunities guaranteed to Plaintiffs by the constitution and laws of the United States and the laws of the State of Oklahoma; and,

e. otherwise depriving Plaintiff of her constitutional and statutory rights, privileges and immunities; and,

f. allowing and encouraging individual members of Defendants to believe and act as if such individuals are not subject to the same laws and are immune from discipline or their actions are always justified regardless of the lack of reasonableness; and or such actions will be protected by members of the District Attorney's office as Defendant Commissioners pay the entire budget for the civil division,

g. failure to provide meaningful supervision regarding the actions of Koranda and failure to report or take meaningful disciplinary actions against an offending county employee; and,

h. failure to restrict or supervise investigative activities and properly train or supervise such investigative activities and acceptable conduct towards Plaintiff or others or to provide for the safety and protection of those persons who are subject to being questioned or facing discipline especially when the allegations are not properly documented or investigated and the purported offending employee does not have any procedural or substantive grievance opportunities or ability to be heard or any reasonable opportunity to defend against such unfounded or unsupportable accusations.

i. intentionally creating an atmosphere that instills a mental attitude that public employees are not provided any protection from those holding office.

17

66.     Defendants had knowledge or, had it diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspiring to be done as heretofore alleged, were about to be committed and were preventable.

67.     Defendants had the power and responsibility to prevent or aide in preventing the commission of such wrongs and could have done something to prevent the wrongs; however, Defendants knowingly, recklessly, and/or with deliberate indifference or callous disregard of Plaintiffs' rights, failed and refused to do so.

68.     It was the policy and/or custom of Defendants to inadequately supervise and train its supervisors or individual Board members, including Koranda, thereby failing to adequately discourage further constitutional violations on the part of their employees including Koranda. Defendants did not provide appropriate in-service training or retraining of supervisory employees or individual Board members who were known to engage in misconduct or gross neglect.

69.     Defendants directly or indirectly, under color of state law, approved and or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Koranda heretofore described either directly or by omission.

70.     At all material times, Defendants failed to properly train or supervise Koranda and others to recognize and react to situations that might require de-escalation or disengagement rather than allow the use of oppressive conduct or fabrications or use misleading information to justify disciplinary action of Plaintiff or others.

71.     At all material times, Defendants failed to properly train or supervise Koranda and others to properly identify when circumstances require him to properly investigate and evaluate various instances before concluding wronging existed.

72.     At all material times, Defendants failed to properly train Koranda and others not to threaten or intimate employees and threaten them with loss of employment for whistleblowing activities.

73.     As a result of numerous failings in training Koranda, Defendants violated Plaintiffs' rights under the First, Fifth, Ninth, Tenth and Fourteenth Amendments of the Constitution of the United States and of the Constitution for the State of Oklahoma, Article 2 Sections 2, 3, 6, 7, 19, 22, and 33, as well as threatening to prevent Plaintiff from obtaining future employment.

74.     The failure of Defendants to train its employees constitutes a deliberate indifference to the rights of Plaintiff with whom Defendants or their agents come into contact, especially when exerting unbridled authority over such employees.

75.     As a result Plaintiff will suffered immediate and irrevocable harm including but not limited to emotional upheaval and depression, for which Defendants are liable for all pecuniary losses, including, but not limited to, legal and costs expenses incurred; all future legal and cost or loss of income expenses; any and all reasonable attorney's fees, pursuant to 42 USC § 1988(b); any and all expert fees, pursuant to 42 USC §1988(c); and compensatory money damages in an amount exceeding $75,000 for mental pain and suffering,  inconvenience, loss of enjoyment of life, and mental and/or emotional distress, humiliation and embarrassment, and loss of economic opportunities.

## CLAIM FOR RELIEF
## CONSPIRACY
### (Individual Defendants)

76.     For Claim for Relief of Plaintiff's Complaint, Plaintiff adopts and re-alleges all previous paragraphs numbered 1 through 75 as if pled and fully set forth herein and further states and alleges:

77.     Individual Defendants met together, hatched a plan, and conspired together with members of HISD to deprive Plaintiff of his employment and ability to obtain future employment.

78.     As part of the scheme, individual Defendants did conspire and obtain the assistance of HISD and or representatives of HISD office to ensure their plan would be successful and to use Plaintiff's good name and reputation to gain control of whom they wanted as a supervisor so they could not be held accountable.

79.     As a direct and proximate result of individual Defendants actions, Plaintiff is entitled to all damages allowed by federal and or state law.

80.     Individual Defendants conduct was willful and deliberate and/or was in reckless disregard for the rights of others, thus entitling Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff, prays for a judgment that the conduct engaged in by Defendants is in violation of Plaintiffs' rights; injunctive relief, for an award to Plaintiff for equitable relief of back salary; lost benefits, liquidated and/or compensatory damages,

in an amount in excess of $75,000.000; reinstatement, costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment; prejudgment interest and for any such other legal or equitable relief this Honorable Court deems just and proper and declare the rights and responsibilities of fire prevention employees.

**Respectfully submitted,**

**/s/  _David J. Batton_**
**David J. Batton**
**Law Office of David J. Batton**
**Texas State Bar No. 24124813**
**OK State Bar No. 11750**
**U.S. D.C., SD TX: 43854**
**(330 W. Gray, Suite 304)**
**P.O. Box 1285**
**Norman, OK 73070**
**Telephone: (405) 310-3432**
**Facsimile: (405) 321-5851**
**dave@dbattonlaw.com**
**battonlaw@coxinet.net**

**_Attorney for Plaintiff_**